IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY K. ARMSTRONG,

      Plaintiff,                    No. 2:12-cv-0123 GEB KJN P

    vs.

D. YOUNG, et al.,

      Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On March 28, 2012, the undersigned issued findings and recommendations recommending that this action be dismissed based on plaintiff's failure to comply with this court's January 27, 2012 and February 22, 2012 orders. However, on March 29, 2012, plaintiff filed a motion to proceed in forma pauperis, along with a certified trust account statement, which comply with the prior orders. Accordingly, the March 28, 2012 findings and recommendations are vacated. On April 9, 2012, plaintiff filed a motion for extension of time to file objections to the findings and recommendations. Because the undersigned is vacating the findings and recommendations, plaintiff's motion for extension of time is denied as moot.

1    Plaintiff submitted a declaration that makes the showing required by
2 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.
3    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.
4 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing
5 fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court
6 will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust
7 account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make
8 monthly payments of twenty percent of the preceding month's income credited to plaintiff's
9 prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of
10 the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid
11 in full.  28 U.S.C. § 1915(b)(2).
12    The court is required to screen complaints brought by prisoners seeking relief
13 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
14 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
15 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
16 granted, or that seek monetary relief from a defendant who is immune from such relief.
17 28 U.S.C. § 1915A(b)(1),(2).
18    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
19 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
20 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
21 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
22 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
23 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
24 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
25 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
26 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable retaliation[1] claims for damages against defendants Young, Chandler, and Turner, an Eighth Amendment claim for damages against defendant Young, and a potentially cognizable failure to protect claim for damages

---

[1] Plaintiff also alleges the acts of retaliation violate plaintiff's Fourteenth Amendment rights. Plaintiff is mistaken. Although plaintiff states a potentially cognizable retaliation claim based on the First Amendment, the Fourteenth Amendment does not provide a legal basis for a retaliation claim. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliatory actions taken against a prisoner for exercising his right to file grievances violates the First Amendment); see also Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (retaliation cases in the Ninth Circuit "fall within the 'other protection[s] from arbitrary state action' which the [Supreme] Court appears to envision, because they are based upon protection of the prisoner's First Amendment rights, and not their Due Process rights."); Burton v. Jones, 321 F.3d 569, 573 (6th Cir. 2003) (Fourteenth Amendment does not provide a legal theory under which a retaliation claim could be brought), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 217 (2007).

against defendant "John Doe."  See 28 U.S.C. § 1915A.

However, the complaint does not state a cognizable claim against defendant Brewer.  Although plaintiff sets forth factual allegations as to defendant Brewer, they are confusing, and it is unclear what constitutional violations plaintiff is pursuing.  (Dkt. No. 1 at 15-16.)  Initially, it appears that plaintiff may be challenging a rules violation allegedly initiated by defendant Brewer for which plaintiff sustained the loss of thirty days' good time work credits.

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).  See also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing a § 1983 action for declaratory relief and monetary damages because a successful challenge to procedures used in disciplinary hearing would necessarily imply the invalidity of the punishment imposed); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (finding a § 1983 action for damages that was based on "actions whose unlawfulness would render a conviction or sentence invalid" when the conviction or sentence has not yet been reversed, expunged, or otherwise invalidated to be barred).

Because it is unclear whether plaintiff is challenging the rules violation and whether plaintiff's challenge would necessarily imply the invalidity of the punishment imposed, plaintiff is granted leave to amend his claims as to defendant Brewer.

While not entirely clear, plaintiff also appears to allege that defendant Brewer violated the Americans with Disabilities Act ("ADA").  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Therefore, to state a claim under Title II of the ADA, a plaintiff must allege four elements:  (1) that he is an individual

4

with a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

A qualifying "disability" is "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (c) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Absent a showing of discriminatory intent, monetary damages are not available under Title II of the ADA. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). In order to show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. Id. The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40. The entity's duty is to undertake a fact-specific investigation to gather from the disabled individual and qualified experts sufficient information to determine what constitutes a reasonable accommodation, giving "primary consideration" to the requests of the disabled individual. Id. The second prong is not satisfied if the failure to fulfill this duty to accommodate is a result of mere negligence, such as "bureaucratic slippage" or where the entity simply "overlooked" a duty to act. Id.

Here, plaintiff's allegations against defendant Brewer, when liberally construed,

fail to state a cognizable claim for relief under Title II of the ADA.  Plaintiff cannot bring an ADA claim against individual officers, such as defendant Brewer, because the proper defendant is the public entity responsible for the alleged discrimination.  Plaintiff also cannot bring a § 1983 action against defendant Brewer in his individual capacity based on any allegedly discriminatory conduct.  See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a state official in [an] individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act.").

Therefore, to the extent plaintiff seeks to pursue claims against defendant Brewer for alleged violations of the ADA, he may do so only with respect to seeking injunctive relief and only in defendant Brewer's official capacity.  Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (Title II's statutory language does not prohibit injunctive action against state officials in their official capacities).  However, here, defendant Brewer is employed at High Desert State Prison, and plaintiff is no longer incarcerated at High Desert State Prison.  Plaintiff was subsequently transferred to the California State Prison in Corcoran, California.

When a prisoner is transferred from a prison, claims for injunctive relief arising from conditions at the former prison become moot.  See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995)).  Plaintiff does not allege that there is a reasonable possibility of returning to High Desert State Prison, so his prayer for injunctive relief does not fall within the "capable of repetition yet evading review" exception to the mootness doctrine.  See Dilley, 64 F.3d at 1368.  Finally, plaintiff does not allege that defendant Brewer has any authority over plaintiff's housing or other conditions of plaintiff's confinement at the California State Prison in Corcoran.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Thus, plaintiff's ADA claim for injunctive relief as to defendant Brewer is now

moot, and plaintiff should not renew the ADA claim against defendant Brewer.

Finally, plaintiff alleges defendant Brewer violated various regulations under Title Title 15 of the California Code of Regulations. Although Title 15 governs the conduct of prison employees, it does not provide a cause of action against them. See, e.g., Chappell v. Newbarth, 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); Parra v. Hernandez, 2009 WL 3818376, at **2, 8 (S.D. Cal. Nov. 13, 2009) (same).

The court finds the allegations against defendant Brewer so vague and conclusory that it is unable to determine whether the claims are frivolous or fails to state a claim for relief. The court has determined that plaintiff's claims against defendant Brewer do not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), plaintiff's claims against defendant Brewer must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint should plaintiff be able to state a cognizable claim against defendant Brewer.

Accordingly, plaintiff may proceed forthwith to serve defendants Young, Chandler, and Turner, and pursue his claims against only defendants Young, Chandler, Turner, and John Doe,[2] or he may delay serving any defendant and attempt to state a cognizable claim against defendant Brewer.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim

---

[2] Plaintiff named "John Doe," as a defendant who escorted plaintiff with defendant Young on October 14, 2004. Plaintiff is informed that the court is unable to order service of process without the names of specific defendants. "As a general rule, the use of "John Doe" to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). However, the Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642). Here, plaintiff alleged sufficient facts to enable plaintiff to seek the identity of "John Doe" through discovery. Once plaintiff obtains the identity of defendant "John Doe," plaintiff should immediately seek to substitute the named defendant for "John Doe," so that the court can timely order service of process.

against defendant Brewer, he has thirty days in which to file such an amended complaint. Plaintiff is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Young, Chandler, and Turner, against whom he has stated a potentially cognizable claim for relief, then within thirty days he must return materials for service of process enclosed herewith. In this event, the court will construe plaintiff's election as consent to dismissal of all claims against defendant Brewer without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

Bell Atlantic Corp., 550 U.S. at 555).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  Plaintiff is

further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

   Accordingly, IT IS HEREBY ORDERED that:

   1. The March 28, 2012 findings and recommendations (dkt. no. 9) are vacated;

   2. Plaintiff's April 9, 2012 motion for an extension of time (dkt. no. 11) is denied;

   3. Plaintiff's request for leave to proceed in forma pauperis (dkt. no. 10) is granted.

   4. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

   5. Claims against defendant Brewer is dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendant Brewer. Plaintiff is not obliged to amend his complaint.

   6. The allegations in the pleading are sufficient to state a potentially cognizable claim against defendants Young, Chandler, Turner, and John Doe. See 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed January 17, 2012, three USM-285 forms and instructions for service of process on defendants Young, Chandler, and Turner. Within thirty days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and one copy of the January 17, 2012 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Young, Chandler, and Turner will be required to respond to plaintiff's allegations

1  within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe
2  plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims
3  against defendant Brewer without prejudice.
4        7.  Failure to comply with this order will result in a recommendation that this
5  action be dismissed.
6  DATED:  April 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

10  arms0123.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY K. ARMSTRONG,

        Plaintiff,                    No. 2:12-cv-0123 GEB KJN P

    vs.

D. YOUNG, et al.,

        Defendants.             NOTICE OF SUBMISSION OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

            _____      completed summons form

            _____      completed forms USM-285

            _____      copies of the _____
                                           Amended Complaint

        _____ Plaintiff consents to the dismissal of defendant Brewer without prejudice.

    OR

        _____ Plaintiff opts to file an amended complaint and delay service of process.

Dated:

                                  _____
                                  Plaintiff