IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY ARMSTRONG,

      Plaintiff,                    No. 2:12-cv-0123 TLN KJN P

    vs.

D. YOUNG, et al.,

      Defendants.              FINDINGS & RECOMMENDATIONS

_____/

I. <u>Introduction</u>

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the original complaint filed January 17, 2012, as to defendants Chandler, Turner, and Young.  Pending before the court is defendant Chandler's motion to dismiss on grounds that this action is barred by the statute of limitations, plaintiff's claims are barred by the doctrine of res judicata, and plaintiff allegedly failed to exhaust his administrative remedies prior to filing the instant action.[1]  In his reply, defendant Chandler withdrew the argument based on statute of limitations grounds.

////

---

[1] Defendants Young and Turner have not yet been served.

1

After carefully considering the record, the undersigned recommends that defendant Chandler's motion be granted.

II. <u>Res Judicata</u>

The doctrine of res judicata, also known as claim preclusion, protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326 (1979). The court bars a claim where there is an identity of claims, a final judgment on the merits, and privity between parties. See <u>Mpoyo v. Litton Electro-Optical Sys.</u>, 430 F.3d 985, 987 (9th Cir. 2005). An identity of claims exists if the two actions arise out of the same transactional nucleus of facts. <u>Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes</u>, 323 F.3d 767, 770 (9th Cir. 2003). Res judicata "bar[s] all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." <u>Constantini v. Trans World Airlines</u>, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting <u>Ross v. IBEW</u>, 634 F.2d 453, 457 (9th Cir. 1980)).

"The analysis of whether two suits involve an identity of claims is a pragmatic determination and a matter of degree." <u>Durney v. WaveCrest Laboratories, LLC</u>, 441 F.Supp.2d 1055, 1063 (N.D. Cal. 2005). "[T]he temporal relationship of the two courses of conduct at issue is taken into account in determining whether they are transactionally related or not." <u>Id.</u> "A claim arising after the date of an earlier judgment is not barred, even if it arises out of a continuing course of conduct that provided the basis for the earlier claim." <u>Frank v. United Airlines, Inc.</u>, 216 F.3d 845, 851 (9th Cir. 2000) (citation omitted).

Res judicata is generally jurisdictional; therefore the motion to dismiss is properly made under Federal Rule of Civil Procedure 12(b)(1). See <u>Lande v. Billings Hospitality, Inc.</u>, 2008 WL 4180002, *1 (D. Mont. 2008).

////

////

III. Plaintiff's Two Actions

This action is proceeding on the original complaint filed January 17, 2012. Here, defendant Chandler argues that plaintiff filed a complaint in Armstrong v. Garcia, 2:08-cv-0039 FCD KJM P (hereinafter "08-cv-0039"),[2] which made identical allegations to those alleged against defendant Chandler in the instant action. In his opposition, plaintiff concedes that defendant Chandler was a defendant in 08-cv-0039, and does not refute that defendant Chandler obtained a final judgment on the merits for plaintiff's claims in 08-cv-0039.[3]  (ECF No. 41 at 7.)

The undersigned below compares plaintiff's claims as to defendant Chandler filed in the instant complaint with those made in 08-cv-0039.

    A.  The Instant Complaint

In the instant complaint, plaintiff alleges that on June 3, 2004, defendant Chandler intentionally gave him a food tray contaminated with spit, hair, chewing tobacco, feces and/or other foreign matter/objections, allegedly in retaliation for plaintiff filing inmate appeals. (ECF No. 1 at 11.) Plaintiff further claims that on the days that defendant Chandler worked, he would pass plaintiff contaminated food trays, and that when plaintiff complained concerning the June 3, 2004 incident, "it was obvious that it was defendant Chandler who was responsible." (ECF No. 1 at 11.) Plaintiff contends that defendant Chandler "trashed" plaintiff's inmate appeal concerning the June 3, 2004 incident, thereby preventing plaintiff from exhausting his

---

[2] Defendant requests that the court take judicial notice of certain filings in 2:08-cv-0039. A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). Thus, defendant's request is granted.

[3] Plaintiff claims that counsel for defendant Chandler "lied" by "stating that plaintiff had 'not' filed any claim 'against' defendant Chandler 'until January 9, 2013, which is the date plaintiff submitted his instant action." (ECF No. 41 at 5, citing ECF No. 29 at 4:1-28.) However, plaintiff misread defendant's motion. Defendant claimed that plaintiff filed an identical claim against the same defendant in 08-cv-0039, and that plaintiff's claim is barred by the statute of limitations because the claim arose in 2004, and plaintiff did not file the instant complaint until January 9, 2012. (ECF No. 29 at 4:6-14.)

administrative remedies as to this claim. (Id.) Plaintiff added that whenever he complained, "things became more dangerous for plaintiff from the hands of [defendant] Chandler, and at one point defendant Chandler told plaintiff that 'we're going to hurt you bad, for writing 602's against us.'" (Id.) Plaintiff also alleges that defendant Chandler challenged plaintiff to physical combat. (ECF No. 1 at 12.) After defendant Chandler refused to provide plaintiff with a new food tray, and plaintiff asked to see a facility sergeant, plaintiff alleges that defendant Chandler said "fuck no I'm not going to let you talk to no fucking Sgt., and told plaintiff what do you want to do about it, fight, and balled [sic] up his fists." (Id.)

B.  The Prior Action

In the original complaint filed in 08-cv-0039, plaintiff alleged that on July 3, 2004, plaintiff filed an inmate appeal based on defendant Chandler's providing plaintiff with a contaminated food tray during the morning meal "on or about 6/26/04." (08-cv-0039, ECF No. 1 at 16:25-28.) When plaintiff requested a different food tray, plaintiff claimed defendant Chandler "became irate and violent towards plaintiff," and refused to provide plaintiff with a replacement meal. (Id. at 17:2-4.) Plaintiff asked to speak to a D-Facility Sergeant, but defendant Chandler refused, and "violently challenged the plaintiff to physical combat" using profane language, and asking plaintiff "do you want to fight?" (Id. at 17-5-9.) Plaintiff claimed that he filed an inmate appeal concerning the incident, but that defendant Chandler "intentionally trashed, destroyed, ignored, [and] refused to answer" the appeal. (Id. at 17:13-15.)

On October 23, 2008, plaintiff was granted an extension of time to file an amended complaint as of right, and on December 15, 2008, plaintiff filed an amended complaint. (08-cv-0039, ECF Nos. 26 & 34.) In the operative amended complaint, plaintiff alleged that on June 3, 2004, plaintiff filed an inmate appeal complaining that during the morning meal delivery, defendant Chandler provided plaintiff with a contaminated food tray containing foreign objects mixed in the food. (08-cv-0039, ECF No. 34 at 17:1-5.) Plaintiff alleged that when he requested another food tray from defendant Chandler, defendant "became irate, violent, craze [sic] and

4

1 refused." (Id., at 17:7-9.) Plaintiff claimed that when he asked defendant Chandler to summon a
2 facility/program sergeant to resolve the issue, defendant Chandler "demonstrated his
3 uncontrolled violent behavior," "refused to summon a sergeant," and "challenged plaintiff to
4 physical combat while using profane . . . language stating that . . . do you want to fight." (Id. at
5 17:8-15.) Plaintiff submitted an inmate appeal about this issue to defendant Chandler, but heard
6 nothing further. (Id. at 17:16.) Plaintiff claimed he submitted a previous inmate appeal against
7 defendant Chandler and some of his co-workers, stating that defendant Chandler provided
8 plaintiff with a contaminated food tray in retaliation for plaintiff's continued use of the inmate
9 appeals process. (Id. at 17:20-24.)

10    On May 21, 2009, the court ordered service of these Eighth Amendment claims against
11 defendant Chandler. (08-cv-0039, ECF No. 39.) On June 15, 2010, the district court dismissed
12 the claims made against defendant Chandler regarding the alleged contaminated food tray
13 pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (08-cv-0039, ECF No. 103.)

14 IV. <u>Analysis</u>

15    Comparison of plaintiff's two actions demonstrates that plaintiff's claims in the instant
16 action regarding the provision of a contaminated food tray on June 3, 2004, are identical to those
17 made against defendant Chandler in 08-cv-0039. On June 15, 2010, in 08-cv-0039, the district
18 court dismissed the claims made against defendant Chandler regarding the June 23, 2004 alleged
19 contaminated food tray, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (08-cv-
20 0039, ECF No. 103.) Federal Rule of Civil Procedure 41(b) provides,

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

25 Fed. R. Civ. P. 41(b). "[A]n adjudication on the merits" means, under the rule, a dismissal with
26 prejudice. <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 505 (2001); <u>see also</u>

1   Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  A dismissal with prejudice bars

2   refiling of the same claim in the same court.  Semtek, 531 U.S. at 506.

3         Thus, plaintiff's claims based on the alleged contamination of plaintiff's food tray on

4   June 3, 2004, by defendant Chandler, are barred by the doctrine of res judicata because they were

5   previously adjudicated on the merits in 08-cv-0039.  Accordingly, defendant's motion to dismiss

6   these claims against defendant Chandler based on the doctrine of res judicata should be granted.

7         In addition, plaintiff now contends that after defendant Chandler served plaintiff

8   contaminated food on June 3, 2004, defendant Chandler subsequently provided plaintiff

9   contaminated food every time defendant Chandler worked that shift.  However, for the following

10  reasons, the above considerations support application of res judicata to plaintiff's continuing

11  conduct claim that defendant Chandler subsequently provided plaintiff with contaminated food

12  trays when defendant Chandler was working those shifts.

13        "Under claim preclusion, a subsequent action is precluded if the same claim was

14  previously litigated."  U.S. v. Oregon, 470 F.3d 809, 817 (9th Cir. 2006) (citing Nordhorn v.

15  Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993).  Whether two claims are the same for

16  purposes of res judicata requires an analysis of the following:

17          The Ninth Circuit determines whether or not two claims are the
        same for purposes of res judicata with reference to the following
18          criteria:  (1) whether rights or interests established in the prior
        judgment would be destroyed or impaired by prosecution of the
19          second action; (2) whether substantially the same evidence is
        presented in the two actions; (3) whether the two suits involve
20          infringement of the same right; and (4) whether the two suits arise
        out of the same transactional nucleus of facts.

21

22  Nordhorn, 9 F.3d at 1405 (citations and internal quotation marks omitted).

23        Application of these factors demonstrate that the rights and interests of defendant

24  Chandler would be impaired if the instant action were to proceed on challenges to defendant

25  Chandler's conduct after June 3, 2004, and before plaintiff was transferred to a different prison

26  ////

on or about March 8, 2006.[4] Here, plaintiff's allegations involve substantially the same evidence because plaintiff contends that defendant Chandler brought him contaminated food trays in retaliation for plaintiff filing administrative appeals while plaintiff was housed at HDSP. Both the instant action, as well as 08-cv-0039, involved plaintiff's allegation that defendant Chandler violated plaintiff's First Amendment rights by allegedly retaliating against plaintiff for filing inmate appeals by delivering contaminated food trays. Plaintiff raises no separate factual allegations as to the subsequent deliveries of allegedly contaminated food trays. Finally, the comparison of the two actions, as set forth above, clearly demonstrate that both the instant action, as well as 08-cv-0039, arose from plaintiff's first allegation that defendant Chandler delivered to plaintiff a contaminated food tray on June 3, 2004, allegedly in retaliation for plaintiff's filing of inmate appeals. Plaintiff's allegation that defendant Chandler engaged in continuing conduct by subsequently delivering allegedly contaminated food trays arise from that same transactional nucleus of facts.

As set forth above, res judicata "bar [s] all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." Constantini, 681 F.2d at 1201. Here, the parties are the same, the cause of action is the same, and plaintiff attempts to add only a continuing conduct cause of action based on the same transactional nucleus of fact, based on conduct that does not extend beyond the 2010 judgment. Plaintiff could have raised the continuing course of conduct claim in his 08-cv-0039

////

////

---

[4] Review of the court's records reflect that plaintiff was transferred from High Desert State Prison ("HDSP") to Pleasant Valley State Prison ("PVSP") somewhere between February 22, 2006, and March 8, 2006. On February 22, 2006, plaintiff was still housed at HDSP. Armstrong v. Runnels, 2:04-cv-2136 GEB PAN P (ECF No. 84). On March 8, 2006, the court's order was served on plaintiff at PVSP in Coalinga. Id. (ECF No. 85.) By January 7, 2008, plaintiff was housed at Kern Valley State Prison. (08-cv-0039, ECF No. 1.) Plaintiff's transfer to a different prison means that defendant Chandler could not have served plaintiff food at HDSP after March 8, 2006.

case, but did not.  Thus, plaintiff's continuing conduct claim against defendant Chandler is also barred by the doctrine of res judicata.[5]

III. Alternative Grounds

Because the court finds that plaintiff's claims against defendant Chandler should be dismissed, the court need not address defendant's claim that plaintiff failed to first exhaust his administrative remedies.

IV. Recommendation

IT IS HEREBY RECOMMENDED that defendant Chandler's motion to dismiss (ECF No. 29) be granted; and defendant Chandler be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 26, 2013

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

arms0123.mtd

---

[5] On April 11, 2011, plaintiff filed another civil rights action in which the court found that certain of plaintiff's claims were barred by res judicata based on claims raised in 08-cv-0039.  Armstrong v. Garcia, et al., 2:11-cv-0965 GEB KJN (E. D. Cal.) (ECF Nos. 57 & 74.)