IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY ARMSTRONG,

    Plaintiff,                       No. 2:12-cv-0123 TLN KJN P

    vs.

D. YOUNG, et al.,

    Defendants.                ORDER TO SHOW CAUSE

                          /

I. Introduction

       Plaintiff is a state prisoner, proceeding without counsel. This civil rights action, filed pursuant to 42 U.S.C. § 1983, is proceeding on the original complaint filed January 17, 2012, as to defendants Chandler, Turner, Young, and John Doe. By separate findings and recommendations, the court found that defendant Chandler's motion to dismiss plaintiff's claims on the grounds of res judicata should be granted. While reviewing plaintiff's filings in Armstrong v. Garcia, et al., 2:08-cv-0039 FCD KJM P (E.D. Cal.) ("08-cv-0039) in connection with defendant Chandler's motion to dismiss, the court was put on notice that plaintiff's claims against the remaining defendants were previously decided on the merits. Arizona v. California, 530 U.S. 392, 412 (2000) (court may sua sponte dismiss action on res judicata grounds to avoid "unnecessary judicial waste.").

1

Here, service of process on defendants Turner and Young has been returned unexecuted, and plaintiff sought court intervention to locate these defendants. Plaintiff's allegations against defendant Turner arose in January 2005, and his allegations against defendant Young arose in October of 2004. Given the stale nature of these allegations, as well as a need to locate these defendants for service of process, it would serve purposes of judicial economy, as well as to avoid unnecessary judicial waste, for the court to sua sponte address the issue of res judicata in connection with unserved defendants Turner and Young.

As discussed more fully below, it appears that claims against defendants Turner and Young should also be barred on res judicata grounds. Therefore, plaintiff is ordered to show cause, within thirty days, why these defendants should not also be dismissed.

In addition, while reviewing 08-cv-0039, the court was put on notice that plaintiff did not exhaust his claim against John Doe. As set forth below, plaintiff is also ordered to show cause why his claims against defendant John Doe should not be dismissed without prejudice.

II. Res Judicata

    A. Res Judicata Standards

The doctrine of res judicata, also known as claim preclusion, protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). The court bars a claim where there is an identity of claims, a final judgment on the merits, and privity between parties. See Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005). An identity of claims exists if the two actions arise out of the same transactional nucleus of facts. Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes, 323 F.3d 767, 770 (9th Cir. 2003). Res judicata "bar[s] all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." Constantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980)).

Res judicata is generally jurisdictional; therefore the motion to dismiss is properly made under Federal Rule of Civil Procedure 12(b)(1).  See Lande v. Billings Hospitality, Inc., 2008 WL 4180002, *1 (D. Mont. 2008).

### B.  Plaintiff's Two Actions

This action is proceeding on the original complaint filed January 17, 2012, as to defendants Chandler, Turner, Young, and John Doe.  It appears that plaintiff filed a complaint in Armstrong v. Garcia, 2:08-cv-0039 FCD KJM P (hereinafter "08-cv-0039"), which made identical allegations to those alleged against defendants Turner and Young and John Doe in the instant action.  Below, the undersigned compares plaintiff's claims as to these defendants filed in the instant complaint with those made in 08-cv-0039.

#### i.  The Instant Complaint

In the January 17, 2012 complaint, plaintiff alleges that on January 18, 2005, defendant Turner intentionally spat on plaintiff's head/face, causing plaintiff to run his wheelchair into the wall/door jamb, in retaliation for plaintiff submitting inmate appeals against defendant Turner and his co-workers.  (ECF No. 1 at 13.)

Plaintiff also alleges that on October 14, 2004, while being escorted by defendants Young and John Doe, defendant Young told plaintiff he was going to take the shortcut, and intentionally pushed plaintiff's wheelchair from the paved road onto the muddy ground obstructed with rocks, wet dirt and grass, "flipping/throwing plaintiff out of his wheelchair.  (ECF No. 1 at 9.)  Plaintiff contends defendant John Doe failed to protect plaintiff by stopping defendant Young from pushing the wheelchair off the pavement.  (ECF No. 1 at 9.)  Plaintiff claims defendants Young and John Doe were whispering during the escort, and argues that defendant Young intentionally pushed plaintiff out of his wheelchair in retaliation for plaintiff using the inmate appeals process. (ECF No. 1 at 10.)

////

////

                ii.  <u>The Prior Action:  08-cv-0039</u>

In the operative amended complaint, plaintiff alleged that on January 18, 2005, defendant Turner intentionally spat upon plaintiff, causing plaintiff to run his wheelchair into the door jamb, in retaliation for plaintiff using the inmate appeals to report actions of state employees' misconduct.  (ECF No. 34 at 19.)

Plaintiff alleged that he submitted an inmate appeal concerning defendant Young intentionally "stopped pushing the plaintiff in his wheelchair on the . . . hard pavement and erratically began pushing the plaintiff via wheelchair on the dirt/mud/yard running into a hold/rock causing the plaintiff and his wheelchair to flip/dump over and causing injury to the plaintiff's finger, neck, back, shoulders, legs. . . ."  (ECF No. 34 at 17.)  Plaintiff claimed all his administrative remedies were exhausted on January 12, 2005, in Log No. HDSP-04-2606, when his appeal was granted in part.  (ECF No. 34 at 18.)  In appeal HDSP-04-2606, plaintiff claimed defendant Young dumped plaintiff out of the wheelchair on October 13, 2004.  (ECF No. 34 at 120.)  Plaintiff also claimed that his hands were chained to the sides of his body.  (ECF No. 34 at 112.)

However, in the operative amended complaint, plaintiff made no mention of another prison employee accompanying defendant Young on the October 13, 2004 escort, and raised no allegation that a prison employee failed to protect plaintiff from defendant Young's acts.  (ECF No. 34 at 17-18.)

Finally, on June 26, 2008 and May 21, 2009, the court ordered service of these Eighth Amendment claims against defendants Turner and Young.  (ECF Nos. 10, 39.)  On June 15, 2010, the district court dismissed the claims made against defendants Turner and Young regarding the claims set forth above pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (ECF No. 103.)

////

////

C.  Analysis

Comparison of plaintiff's two actions demonstrates that plaintiff's claims in the instant action regarding the actions of defendants Turner and Young are identical to those made against defendants Turner and Young in 08-cv-0039.  On June 15, 2010, in 08-cv-0039, the district court dismissed the claims made against defendants Turner and Young, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (08-cv-0039, ECF No. 103.)  Federal Rule of Civil Procedure 41(b) provides that

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  "[A]n adjudication on the merits" means, under the rule, a dismissal with prejudice.  Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001); see also Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  A dismissal with prejudice bars refiling of the same claim in the same court.  Semtek, 531 U.S. at 506.

Thus, plaintiff's claims against defendants Turner and Young appear to be barred by the doctrine of res judicata because they were previously adjudicated on the merits in 08-cv-0039. Accordingly, it appears that defendants Turner and Young should be dismissed based on the doctrine of res judicata.  Therefore, plaintiff is ordered to show cause, within thirty days, why defendants Turner and Young should not be dismissed on the grounds of res judicata.

III.  Exhaustion of Administrative Remedies

In the instant action, plaintiff claims that a defendant sued as "John Doe" failed to protect plaintiff during the October 13, 2004 escort by defendant Young.

A.  Legal Standard re Exhaustion

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

5

§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records). The Supreme Court has cautioned courts against reading futility or other exceptions into the PLRA exhaustion requirement. See Booth, 532 U.S. at 741 n.6.

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84. When the

rules of the prison or jail do not dictate the requisite level of detail for proper review, a prisoner's complaint "suffices if it alerts the prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  This is so because the primary purpose of a prison's administrative review system is to "notify the prison of a problem and to facilitate its resolution." Griffin, 557 F.3d at 1120.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Moreover, the court may look beyond the pleadings to determine whether a plaintiff exhausted his administrative remedies.  Id. at 1119-20.  However, where it is clear that a plaintiff has not first exhausted his administrative remedies, courts may dismiss such claims sua sponte.  See Jones v. Bock, 549 U.S. 199, 214-16 (2007) (exhaustion is an affirmative defense and sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes her failure to exhaust); see also Salas v. Tillman, 162 Fed. Appx. 918 (11th Cir. 2006), cert. denied, 549 U.S. 835 (2006) (district court's sua sponte dismissal of state prisoner's civil rights claims for failure to exhaust was not abuse of discretion; prisoner did not dispute that he timely failed to pursue his administrative remedies, and a continuance would not permit exhaustion because any grievance would now be untimely).

B. Analysis

Plaintiff appended numerous exhibits to his original complaint filed in 08-cv-0039. (Id., ECF No. 1.)  Importantly, in the administrative appeals for HDSP-04-2606, in which plaintiff challenged defendant Young's actions on October 13, 2004, plaintiff did not mention another prison employee accompanying defendant Young. (Id., ECF No. 1 at 112-21.)[1]  Plaintiff's

---

[1] Exhibits appended to a complaint are a part thereof for all purposes.  See Fed. R. Civ. P. 10(c).  Although plaintiff did not re-append his exhibits to the operative amended complaint, the exhibits submitted by plaintiff remain a part of the court record.

7

1  administrative appeal solely complained of defendant Young's actions, and argued that Young
2  acted in retaliation.  There was no claim that another prison employee failed to protect plaintiff
3  during the October 13, 2004 escort.  (Id., ECF No. 1 at 112-21.)[2]

4  Plaintiff is not required to specifically name prison employees in the administrative
5  appeal process.  Jones v. Bock, 549 U.S. 199, 219 (2007).  However, plaintiff must include
6  sufficient facts to put prison officials on notice of plaintiff's claims.  Griffin v. Arpaio, 557 F.3d
7  1117, 1120 (9th Cir. 2009) ("The primary purpose of a grievance is to alert the prison to a
8  problem and facilitate its resolution, not to lay groundwork for litigation.")

9  Here, a fair reading of plaintiff's administrative appeals reflects that plaintiff complained
10 that during an October 13, 2004 escort, defendant Young intentionally dumped plaintiff out of
11 his wheelchair, while his arms were chained to his body, and that plaintiff sustained injuries, for
12 which he was allegedly not examined, and that defendant Young acted in retaliation.  (08-cv-
13 0039, ECF No. 1 at 112, 115, 116, 118, 120.)  Thus, plaintiff's failure to note the presence of
14 another prison employee during the October 13, 2004 escort or to include his claim that this
15 employee failed to protect plaintiff from being thrown from the wheelchair was insufficient to
16 put prison officials on notice that plaintiff alleged a claim separate from his claim that defendant
17 Young intentionally threw plaintiff out of the wheelchair, or that plaintiff also intended to pursue
18 a failure to protect claim rather than just an Eighth Amendment claim against defendant Young.
19 Because plaintiff provided copies of the administrative appeals with his complaint in 08-cv-0039,
20 plaintiff's claim against defendant John Doe should be dismissed, without prejudice, based on
21 plaintiff's failure to first exhaust his administrative remedies.  However, in an abundance of

---

[2] Moreover, plaintiff's failure to exhaust his administrative remedies as to his claim concerning John Doe on October 13, 2004, is confirmed in defendant Chandler's motion to dismiss. (ECF No. 29-2.)  Defendants provided copies of the only two Director's Level Appeal Decisions received by plaintiff in 2004 and 2005: HDSP 04-1187, raising a medical claim concerning Medical Technical Assistant Barton on December 14, 2004, and HDSP 05-0155, alleging that on January 14, 2005, defendant Turner spat on plaintiff, issued on July 5, 2005. (ECT No. 29-2 at 14, 16.)  Neither appeal included claims from the October 13, 2004 escort.

caution, plaintiff shall show cause, within thirty days, why his claims against John Doe in connection with the October 13, 2004 escort should not be dismissed without prejudice based on plaintiff's failure to first exhaust his administrative remedies.[3]

IV. Plaintiff's Motion for Court Intervention

On May 20, 2013, plaintiff filed a motion for court intervention, seeking assistance in locating defendant Young to accomplish service of process. However, in light of the above, it appears that service of process on defendant Young may not be necessary. Thus, plaintiff's motion is denied without prejudice to its renewal should the court find that plaintiff's claims against defendant Young are not barred by res judicata.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, plaintiff shall show cause why:

    a. Defendants Turner and Young should not be dismissed based on res judicata grounds; and

    b. Defendant John Doe should not be dismissed based on plaintiff's failure to first exhaust administrative remedies;

Failure to timely respond to this order to show cause shall result in the dismissal of this action; and

2. Plaintiff's motion for court intervention (ECF No. 39) is denied without prejudice.

DATED: June 28, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/arms0123.osc

---

[3] Arguably, plaintiff's claim against John Doe would similarly be barred by res judicata inasmuch as such claim arose out of the same transactional nucleus of facts as plaintiff's claim against defendant Young, and plaintiff could and should have raised this claim in case 08-cv-0039. As set forth above, res judicata "bar[s] all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." Constantini, 681 F.2d at 1201.