IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY ARMSTRONG,

        Plaintiff,                          No. 2:12-cv-0123 TLN KJN P

    vs.

D. YOUNG, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding without counsel.  On July 5, 2013, plaintiff filed a document styled, "Order to Show Cause for a Preliminary & a Temporary Restraining Order." (ECF No. 48.)  Plaintiff raises myriad claims alleging ongoing acts of retaliation from January 25, 2013, through May 5, 2013, against plaintiff by staff at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, as well as alleged deliberate indifference to plaintiff's serious medical needs.  Plaintiff asks the court to address plaintiff's claims pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  Plaintiff names employees at SATF as defendants, and claims they are co-workers, agents or supervisors of the defendants named in the instant action. Plaintiff seeks an order enjoining these SATF employees from engaging in retaliation, submitting fabricated serious rule violation reports, and depriving plaintiff of medical care.

////

1

However, in the operative complaint herein, plaintiff raises claims concerning specific and unrelated events at High Desert State Prison that occurred in 2004 and 2005. (ECF No. 1.) For example, plaintiff alleges that:

1. On June 3, 2004, defendant Chandler intentionally gave him a food tray contaminated with spit, hair, chewing tobacco, feces and/or other foreign matter/objections, allegedly in retaliation for plaintiff filing inmate appeals. (ECF No. 1 at 11.)

2. On January 18, 2005, defendant Turner intentionally spat on plaintiff's head/face, causing plaintiff to run his wheelchair into the wall/door jamb, in retaliation for plaintiff submitting inmate appeals against defendant Turner and his co-workers. (ECF No. 1 at 13.)

3. On October 14, 2004, while being escorted by defendants Young and John Doe, defendant Young intentionally pushed plaintiff's wheelchair from the paved road onto the muddy ground "flipping/throwing plaintiff out of his wheelchair. (ECF No. 1 at 9.)

None of the staff named in plaintiff's motion are named as defendants herein.

Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the moving party is entitled to such relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). As provided by Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction to preserve the relative position of the parties pending trial on the merits. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter, 555 U.S. at 22. Thus, the temporary relief sought by plaintiff must be connected to the allegations of the underlying complaint.

In the instant case, plaintiff challenges concrete actions taken by defendants at High Desert State Prison in 2004 and 2005. Plaintiff's motion is based on events that took place in

early 2013 at SATF. Because there is no relationship between the allegations in the operative complaint and the relief sought against prison staff at SATF concerning plaintiff's current claims, the court cannot grant injunctive relief.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's July 6, 2013 request for injunctive relief (ECF No. 48) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 16, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

arms0123.pi